
02/05/2009

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>E'LITE EYEWEAR HOLDING, INC.,<br><br>Debtor | Case No. 08-41374<br>Chapter 7 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON TRUSTEE'S MOTION FOR APPROVAL OF SUBSTANTIVE
CONSOLIDATION OF AFFILIATED ENTITIES**

On January 6, 2009, the Court heard the Trustee's Motion for Approval of Substantive Consolidation of Affiliated Entities (the "Motion") filed by Mark A. Weisbart as Chapter 7 trustee (the "Trustee").  In the Motion, the Trustee seeks to substantively consolidate certain affiliated and related subsidiaries and partnerships with the bankruptcy estate of E'lite Eyewear Holding, Inc. (the "Estate") for all purposes of this Chapter 7 bankruptcy proceeding.  After consideration of the Motion and the arguments and evidence presented by the Trustee at the hearing, and upon finding that notice of the Motion was sufficient and proper under the circumstances of this case, the Court makes the following findings of fact and conclusions of law concerning the relief requested in the Motion.

**FINDINGS OF FACT**

1. On May 30, 2008 (the "Petition Date"), E'lite Eyewear Holding, Inc. (the "Debtor"), a Nevada corporation, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  Prior to the Petition Date, the Debtor was engaged in the business of selling manufactured eyewear products through a sales staff and distribution network.

2. As of the Petition Date, the Debtor was the parent of, or otherwise directly or indirectly controlled, E'lite Optik General, LLC ("Optik"), Intelliclip US General, LLC ("Intelliclip"), CliqOn US General, LLC ("CliqOn"), and Smartclip US Limited, LLC ("Smartclip"), all Nevada limited liability companies. Optik, Intelliclip, CliqOn and Smartclip are hereinafter referred to collectively as the "US Subsidiaries." The Debtor also was the parent of, or otherwise directly or indirectly controlled, CliqOn Canada, Inc. ("CliqOn Canada") and E'Lite Optik Canada, Inc. ("Optik Canada"), both Canadian corporations. CliqOn Canada and Optik Canada are hereinafter referred to collectively as the "Canadian Subsidiaries." Finally, the Debtor was the parent of, or otherwise directly or indirectly controlled, E'lite Optik US, L.P. ("Optik LP"), Intelliclip US, L.P. ("Intelliclip LP"), and CliqOn US, L.P. ("CliqOn LP"). Optik LP, Intelliclip LP and CliqOn LP hereinafter collectively referred to as the "Partnerships."

3. There was virtually no separateness maintained between the various entities, and the business operations and dealings of the group were done under and as E'lite prior to bankruptcy. The US Subsidiaries, Canadian Subsidiaries and Partnerships had no employees separate and apart from the Debtor, and their affairs were conducted by the Debtor and its employees and officers. Gregory Smith ("Smith"), the Debtor's Chief Executive Officer, generally made all decisions with regard to the business operations of the Debtor, its US Subsidiaries, Canadian Subsidiaries and Partnerships.

4. As the US Subsidiaries, Canadian Subsidiaries, and Partnerships maintained no separateness from the Debtor as distinct entities, their financial affairs are largely commingled with those of the Debtor. The financial transactions involving the US Subsidiaries, Canadian Subsidiaries, and Partnerships and third parties are

2

inextricably intertwined with the Debtor. Moreover, the assets and liabilities of the Debtor, the US Subsidiaries, Canadian Subsidiaries and the Partnerships are hopelessly commingled.

5. The Debtor and most of the US Subsidiaries, Canadian Subsidiaries and Partnerships share substantially the same creditors. The largest of these creditors is PlainsCapital Bank ("Plains"), which is the primary secured lender. The Debtor and most of the US Subsidiaries, Canadian Subsidiaries and Partnerships, as well as Smith and the Debtor's other principal, are liable to Plains under a certain loan and security agreement as primary obligors or as guarantors. Plains has filed a proof of claim in the Debtor's estate asserting a secured claim in excess of $5.8 million.

6. As of the Petition Date, an action in Texas state court was pending against the Debtor and most of the US Subsidiaries, Canadian Subsidiaries and Partnerships, as well as the Debtor's principals, for collection of the debt due under the loan agreement. The state court action has been removed from state court, transferred to this Court, and assigned adversary proceeding number 08-4122. It appears from the record of the adversary proceeding that several of the US Subsidiaries and the Partnerships have responded to the complaint.

7. Adequate notice of the Motion was provided to all known creditors of the Debtor, the US Subsidiaries, the Canadian Subsidiaries and the Partnerships. No creditor or party-in-interest filed an objection to the Motion or appeared in opposition to the Motion at the hearing on January 6, 2009. Notably, counsel for Plains was present at the hearing and made no objection to the relief requested in the Motion.

## **CONCLUSIONS OF LAW**

1. The merger of the assets and liabilities of different legal entities is referred to as "substantive consolidation." *See* BLACK'S LAW DICTIONARY (8th ed. 2004) (defining "substantive consolidation" as "[t]he merger of two or more bankruptcy cases, usually pending against the same debtor or related debtors, into one estate for purposes of distributing the assets, usually resulting in the two estates sharing assets and liabilities, and in the extinguishment of duplicate claims and claims between the debtors"). The Bankruptcy Code does not expressly authorize substantive consolidation. Most courts however, have held that they possess such authority pursuant to their general discretionary equitable powers under §105(a) of the Bankruptcy Code. *See, e.g., In re DRW Property Co. 82*, 54 B.R. 489, 494 (Bankr. N.D. Tex. 1985). *See generally* 2 COLLIER ON BANKRUPTCY ¶ 105.09[1](b) (15th ed. rev. 1998). As described by the Second Circuit:

> The power to consolidate is one arising out of equity, enabling a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for the satisfaction of debts of a related corporation.

*In re Continental Vending Machine Corp.,* 517 F.2d 997, 1000 (2nd Cir. 1975).

2. Substantive consolidation should be used "sparingly." *In re Owens Corning,* 419 F.3d 195, 208-09 (3rd Cir. 2005); *In re Bonham,* 229 F.3d 750, 767 (9th Cir. 2000); *Union Sav. Bank v. Augie/Restivo Baking Co. (In re Augie/Restivo Baking Co.),* 860 F.2d 515, 518 (2nd Cir. 1988). It "is an extreme and unusual remedy." *Gandy v. Gandy (In re Gandy),* 299 F.3d 489, 499 (5th Cir. 2002). "Indeed, because substantive consolidation is extreme ... and imprecise, this 'rough justice' remedy should be rare and, in any event, one of last resort after considering and rejecting other remedies." *Owens*

4

*Corning,* 419 F.3d at 211.  Substantive consolidation should not be used as "a 'free pass' to spare [d]ebtors or any other group from proving challenges, like fraudulent transfer claims, that are liberally brandished to scare yet are hard to show."  *Owens Corning,* 419 F.3d at 215.

    3.    "The courts are divided on whether they may order consolidation of a debtor with a nondebtor." 2 COLLIER ON BANKRUPTCY ¶ 105.09[1][c] (15th ed. rev. 1998).  Most courts have permitted such consolidation.  *See, e.g., Soviero v. Franklin Nat'l Bank,* 328 F.2d 446 (2nd Cir. 1964); *In re Lisanti Foods, Inc.,* 329 B.R. 491 (D. N.J. 2005); *Permian Producers Drilling, Inc.*, 263 B.R. 510, 515-517 (W.D. Tex. 2000); *White v. Creditors Serv. Corp. (In re Creditors Serv. Corp.),* 195 B.R. 680 (Bankr. S.D. Ohio 1996); *Matter of New Center Hosp.,* 187 B.R. 560, 567 (E.D. Mich. 1995); *Walter E. Heller & Co. v. Langenkamp ( In re Tureaud),* 59 B.R. 973 (N.D. Okla. 1986).  However, "as careful as the courts must be in allowing substantive consolidation of *debtors* to occur ..., the caution must be multiplied exponentially in a situation where a consolidation of a debtor's case with a non-debtor is attempted."  *Morse Operations, Inc. v. Robins Le-Cocq, Inc. (In re Lease-A-Fleet, Inc.),* 141 B.R. 869, 872 (Bankr. E.D. Pa. 1992) (emphasis in original).

    4.    Whether the circumstances warrant substantive consolidation is a highly fact specific analysis that must be made on case-by-case basis.  The courts have not developed a universally accepted standard for substantive consolidation.  *Bonham,* 229 F.3d at 765-66.  However, courts frequently consider the following factors when determining whether substantive consolidation is appropriate:

5

>   (1) the degree of difficulty in segregating and ascertaining individual assets and liabilities;
>
>   (2) the presence or absence of consolidated financial statements;
>
>   (3) the profitability of consolidation at a single physical location;
>
>   (4) the commingling of assets and business functions;
>
>   (5) the unity of interests and ownership between the various corporate entities;
>
>   (6) the existence of parent and intercorporate guarantees on loans;
>
>   (7) the transfer of assets without formal observance of corporate formalities; and
>
>   (8) whether other remedies, such as the doctrines of alter ego and fraudulent conveyance, are available.

*See Wells Fargo Bank of Texas, N.A. v. Sommers, et al.,* 444 F.3d 690, 697 n.5 (5th Cir. 2006) (discussing, without deciding, the authority of a bankruptcy court to order substantive consolidation); *Permian Producers*, 263 B.R. at 518; *In re Vecco Constr. Indus., Inc.,* 4 B.R. 407 (Bankr. E.D. Va. 1980) (discussing the factors to be considered in ordering substantive consolidation).

   5.   In *Augie/Restivo,* the Second Circuit reformulated these and other factors as two, stating that a plaintiff must demonstrate one of the following in order to succeed on a claim of substantive consolidation: (i) the operational and financial affairs of the entities to be consolidated are so entangled that the accurate identification and allocation of assets and liabilities cannot be achieved, or (ii) creditors dealt with the entities as a single economic unit and did not rely on their separate identities in extending credit. *Augie/Restivo,* 860 F.2d at 518. The presence of either factor is a sufficient basis to order substantive consolidation. *See id.* The first factor, reliance on the separate credit of the

entity, is based on the consideration that lenders "structure their loans according to their expectations regarding th[e] borrower and do not anticipate either having the assets of a more sound company available in the case of insolvency or having the creditors of a less sound debtor compete for the borrower's assets." *Id.* at 518-519. Consolidation under the second factor, entanglement of the debtor's affairs, is justified only where "the time and expense necessary even to attempt to unscramble them [is] so substantial as to threaten the realization of any net assets for all the creditors" or where no accurate identification and allocation of assets is possible. *Id.* at 519. *See also, e.g., In re Bonham*, 229 F.3d at 766-767 (adopting and applying *Augie/Restivo* test); *In re Mortgage Inv. Co. of El Paso, Tex.,* 111 B.R. 604, 609 (Bankr. W.D. Tex. 1990) (discussing the *Augie/Restivo* test).

6. Here, there is a substantial relationship between the Debtor's business operations and those of the US Subsidiaries, the Canadian Subsidiaries, and the Partnerships. This relationship is based on the entities' interrelationships, the lack of separateness, the commingling of assets, shared assets, the use of the same physical premise and their control by the same principals. The financial affairs – including the liabilities and assets – of the Debtor, the US Subsidiaries, the Canadian Subsidiaries, and the Partnerships appear to be hopelessly commingled. In addition, there is an extensive combination of business functions amongst the Debtor and these entities, and the Debtor along with these entities conducted their operations as a single business unit. The Debtor's and these entities' lending relationship with Plains reflects the existence of inter-corporate guarantees amongst the entities.

7. The benefits of substantively consolidating the US Subsidiaries and Partnerships with the Debtor's estate will greatly outweigh any harm by such action. The

creditors of each of the Debtor, the US Subsidiaries and Partnerships will receive more through the consolidation than without it.  The Court concludes that, under these circumstances, substantive consolidation of the US Subsidiaries and Partnerships with the Debtor's estate is warranted and would be in the best interest of the estate as well as the creditors of the respective entities.

8.   As to the Canadian Subsidiaries, these entities have not filed petitions for bankruptcy relief or appeared in connection with the Debtor's bankruptcy case.  It is unclear from the evidence presented at the hearing on the Motion whether the Canadian Subsidiaries have any foreign creditors or any property located outside the United States.  Moreover, it is unclear whether Chapter 15 of the Bankruptcy Code applies to the Canadian Subsidiaries under the circumstances of this case.  The Court, therefore, will conduct a further hearing to determine whether a separate proceeding under Chapter 15 is required in order to effect a substantive consolidation of these entities with the Debtor's estate for purposes of this Chapter 7 proceeding.

## **CONCLUSION**

For the foregoing reasons, the Court will enter a separate order (i) substantively consolidating the US Subsidiaries and Partnerships with the Debtor's estate for purposes of this Chapter 7 proceeding, and (ii) scheduling a further hearing on the Trustee's request to substantively consolidate the Canadian Subsidiaries with the Debtor's estate. To the extent any of the foregoing findings of fact is construed to be a conclusion of law, it is hereby adopted as such.  Likewise, to the extent any of the foregoing conclusions of law is construed to be a finding of fact, it is hereby adopted as such.  The Court may make additional findings as necessary or as requested by any party.

Signed on 2/5/2009

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE